R. LAFON *v.* JOHN DUFROCQ et al.

The Constitution gives the right of appeal to the Supreme Court from a fine imposed by a municipal corporation, when the constitutionality or legality of such fine is in contestation; but this right of direct appeal to test the constitutionality of the fine, does not preclude the party upon whom it is imposed, from an action in the District Court for damages, in consequence of its illegal imposition.

An officer is bound to inquire into the authority of the court from which a writ emanates, and is liable for damages for executing a writ issued by a court without jurisdiction.

The Act of the Legislature, passed on the 18th February, 1850, entitled "an Act to amend the several Acts relative to the police and government of the town of Baton Rouge," is a substantial compliance with the 118th Article of the Constitution of 1845, which declares that every law enacted by the Legislature shall embrace but one object, and that shall be embraced in the title."

The judicial power which had so long been exercised by the Mayor of Baton Rouge, ceased to be operative after the adoption of the Constitution of 1845—for, by the 62d Article, the judicial power vested in the Supreme Court, in District Courts, and in Justices of the Peace.

The Act of 1853, which invests the Mayor of Baton Rouge with the power of Justice of the Peace in relation to all matters pertaining to the duties of his office as Mayor, &c., &c., is a violation of the 78th Article of the Constitution of 1852, which declares that Justices of the Peace shall be elected by the qualified voters of each parish, district or ward.  The Legislature cannot confer the powers of a judicial office declared elective by the Constitution, on one whose office does not depend on the Constitution.

APPEAL from the District Court of East Baton Rouge, *Robertson*, J. *Burk*, for plaintiff and appellant. *Seymour*, for defendant.

OGDEN, J. (SLIDELL, C. J., absent.) The plaintiff, who is a baker in the town of Baton Rouge, was arrested and fined by the Mayor for a violation of one of the city ordinances regulating the weight of bread, and the present action is brought by him to recover damages from the Mayor and Constable, on the ground that the defendants had falsely assumed the capacities in which they acted, of Mayor and town Constable, and that their acts were wholly unauthorized by the Constitution and laws of the State. The petitioner also prayed for an injunction to restrain the defendants from proceeding to collect the fine, which the court below refused to grant, on the ground that the constitutionality and legality of a fine imposed by a municipal corporation was in question, and the court was therefore without jurisdiction.

On the trial of the case on the merits, the court charged the jury, that under Art. 62 of the Constitution, the court was without jurisdiction of the matter in dispute, and the jury accordingly found a verdict in favor of the defendants, and from the judgment rendered thereon, the plaintiff has appealed.

We think the court erred in thus charging the jury. The Art. 62 of the Constitution, gives the right of appeal to the Supreme Court from a fine imposed by a municipal corporation, when the constitutionality or legality of such fine is in contestation; but this right of appeal could not prevent a party from suing to recover damages on allegations such as are contained in the plaintiff's petition. It is therein charged, that the defendants had maliciously conspired together to inflict a wrong and injury on the plaintiff, and that he had been arrested and imprisoned by them under color of authority, which they did not legally possess. An officer is bound to inquire into the authority of the court from which a writ emanates, and is liable for damages for executing a writ issued by a court without jurisdiction. *Mayer* v. *Morgan*, 7 N. S. 52. *Lowry* v. *Erwin*, 6 R. 192.

The question is, whether the Mayor legally and constitutionally possessed the power which he assumed to exercise.

The power is expressly conferred on him by the 6th section of an act of the Legislature, passed on the 18th of February, 1850. The appellant contends, that this Act is unconstitutional and void, because it violates the Articles 118 and 119 of the Constitution of 1845, which declares, Art. 118, "Every law enacted by the Legislature, shall embrace but one object, and that shall be expressed in the title," and Art. 119, "no law shall be revised or amended by reference to its title, but in such case the Act revised or section amended, shall be re-enacted and published at length." The title of the Act in question is an Act to amend the several Acts relative to the police and government of the town of Baton Rouge; and by the 18th section, all Acts passed relative to the government and police of the town are repealed. We consider the Art. 118 of the Constitution is substantially complied with, as the title of the Act sufficiently indicates its object, which was to change the laws relative to the police and government of the town of Baton Rouge; this certainly afforded a clue to the contents of the body of the Act which, as we held in the case of *Lanzetti's succession*, ante p. 329, is a sufficient compliance with the constitutional requisites; and Article 119 was not violated, because no law was either revised or amended, but an entirely new Act substituted in place of former laws, all of which were repealed.

LAFON
v.
DUFROCQ ET L.

The next objection is, that judicial powers are conferred by this Act on the Mayor, in violation of the Constitution of 1845, which, by the Art. 62, declared that " the judicial power shall be vested in a Supreme Court, in District Courts and in Justices of the Peace." This objection we consider well founded. After the Constitution of 1845 was adopted, the Legislature was restricted in granting judicial powers, and this power so long previously exercised by the Mayor, under former Acts of the Legislature, ceased to be operative, and was renewed in the Act of 1850 in violation of the Constitution. The Act of the Legislature of 1853, which invests the Mayor with the power of Justice of the Peace in relation to all matters pertaining to the duties of his office as Mayor, and in carrying out the ordinances of the board of selectmen, is relied on by the appellees' counsel to supply this defect in relation to the powers of the Mayor; but we are of opinion, that this Act is equally a violation of the Constitution, the 78th Article of which has declared, that Justices of the Peace shall be elected by the qualified voters of each parish, district or ward. The Legislature cannot confer the powers of a judicial office declared elective by the Constitution on one whose office does not depend on the Constitution, and which is in fact wholly unknown to it. Art. 81 of the Constitution provides, that the Judges of the several inferior courts shall be elected by the duly qualified voters of their respective districts or parishes, and Art. 82 makes it the duty of the Legislature to fix the time for holding elections for all Judges at a time different from that fixed for all other elections.

The board of selectmen have the power of suing and being sued, and they have the right to collect fines incurred by the violation of their ordinances, by resorting to the judicial tribunals organized under the Constitution.

The defendants were acting in good faith, believing themselves clothed with due authority under the Acts of the Legislature, and can therefore only be made liable for such loss as the plaintiff has actually sustained, and as we have not the means of determining that, from the evidence of the record, the case must be remanded for a new trial.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be reversed and annulled, and that the cause be remanded for a new trial, with directions to the Judge of the court below to abstain from charging the jury that the court is without jurisdiction of the cause. The costs of this appeal to be paid by defendants and appellees.