STATE, EX REL. JACOB J. VAN RIPER ET AL., v. CHARLES H. PARSONS ET AL.

1. A law, framed in general terms, restricted to no locality, and operating equally upon all of a group of objects, which, having regard to the purposes of the legislation, are distinguished by characteristics sufficiently marked and important to make them a class by themselves, is not a special or local law, but a general law.

2. The first sentence of paragraph four, section seven, article four, of the constitution, does not cover repealing acts,.and applies only to such enactments as are, in terms, revivals or amendments of specified statutes and sections.

3. Where informations, filed by private relators, to try the right to public offices, had been adjudged bad on demurrer, and, pending the litigation, the legislature had passed an act clearly terminating the relators' title, an application of the relators to amend was denied upon the same grounds as would have induced the court to withhold, from persons having no private claim, leave to file informations.

On motion to amend informations.

Argued at February Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

For the relators, *Wm. A. Lewis* and *Cortlandt Parker.*

For the defendants, *Leon Abbett.*

The opinion of the court was delivered by·

DIXON, J.   The demurrer of the defendants in *State, ex rel. Van Riper et al.,* v. *Parsons et al., ante p.* 1, having been sustained, the relators in that case and other causes involving the same legal questions, desire leave to amend their informations by stating such facts as, they claim, will show that the act, the constitutionality of which they assail, is local and special, and therefore invalid.

This application is resisted, upon the ground that whether the act referred to is in accordance with the organic law or not, the relators have now no title to the franchises exercised by the defendants, and having no private rights, should not be permitted to produce such a disturbance of the public affairs of Jersey City as would result from the successful prosecution of their suits.

At the present session of the legislature, an act has been passed, entitled "An act to repeal all acts appointing or providing for the appointment of commissions or commissioners,

Van Riper v. Parsons.

by the senate and general assembly, in joint meeting, to regulate municipal affairs, and ending the term of office of any such commissions or commissioners;" and it enacts that such parts of all public, general, private, special or local laws as appoint or provide for the appointment of commissions or commissioners, or their successors in office, by the senate and general assembly, in joint meeting, to regulate all or any municipal affairs, in any municipality in this state, be and the same are repealed; and the terms of office of all commissions and commissioners heretofore so appointed, if any exist, shall forthwith end and determine.

The terms of office to which the relators, at the time of filing their informations, claimed title, were of the class here described: they had been appointed by the senate and general assembly, in joint meeting, to regulate some of the municipal affairs of Jersey City. Their tenure of office was, therefore, subject to legislative control, and, by force of this law, they are ousted, unless, for some reason, it violates the constitution.

The relators insist that it is in opposition to that instrument, because, in Jersey City alone, are there such commissions as it refers to, and hence this act is likewise special and local.

Conceding that an examination of the public statutes, of which the courts take judicial cognizance, will reveal the truth of this reason, yet I think the conclusion asserted does not follow. The law, in all its provisions, is general; broad enough to reach every portion of the state, and abating legislative commissions for the regulation of municipal affairs, wherever they existed. Such commissions are distinguished from other sorts of municipal governments, by characteristics sufficiently marked and important, to make them clearly a class by themselves, and, upon the whole of this class, this law operates equally, by force of terms which are restricted to no locality. A law so framed is not a special or local law, but a general law, without regard to the consideration that, within the state, there happens to be but one individual of the class, or one place where it produces effects.

The first section of the "Act concerning commissioners to regulate municipal affairs," approved March 6th, 1877, (*Pamph. L.*, *p.* 54,) under the second section of which the defendants were elected, resembles this act of 1878; but the doubts which induced the court to permit the filing of these informations, were in regard to the constitutionality of that second section, which, it was argued with some reason, was so restricted in its terms as to indicate a purpose to legislate concerning a single city, not distinguishable from other cities of the state by any reasonable classification based upon the subject matter of the law, and which, in that city, merely substituted the special features provided by the restricted language of the second section, for the special features lopped off by the general language of the first section. If the law were so viewed, it was thought it might be deemed obnoxious to the constitutional prohibition against special legislation regulating the internal affairs of towns, and that against embracing in a general law any provision of a private, special or local character; and if the second section were adjudged invalid, then the first section, which was designed to oust the incumbents, seemed so connected that it also must fall, since the court would not conclude, if the conclusion could be rationally avoided, that the legislature intended to abolish an existing mode of selecting necessary city officers, if the mode substituted in the same statute was not effectually established.

But no such doubts hang round the present act; it is direct and unequivocal; it declares, unmistakably, the purpose to repeal all laws for the appointment of legislative commissions to regulate municipal affairs, and to terminate the offices of all such commissioners, whatever the effect may be.

The relators further urge that this act is an amendment of other acts, and that, therefore, these should be inserted at length, pursuant to paragraph four, section seven, article four, of the constitution, which declares that "no law shall be revived or amended by reference to its title only, but the act revived, or the section or sections amended, shall be inserted at length."

But this clause of the fundamental law does not relate to such acts as this. Under the Maryland constitution, which included repealers as well, the clause was held not to effect a general repeal of all laws inconsistent with the purpose of the legislature as expressed in the new statute. *Davis* v. *State*, 7 *Md.* 151. See, also, *Lafon* v. *Dufrocq*, 9 *La. Ann.* 350; *People* v. *Mahaney*, 13 *Mich.* 481; *Anderson* v. *Commonwealth*, 18 *Grat.* 295; *Falconer* v. *Robinson*, 46 *Ala.* 340; *Bird* v. *Wasco Co.*, 3 *Oregon* 282.

Our constitution does not cover repealing acts at all, and was designed to apply only to such enactments as are, in terms, revivals or amendments of specified statutes and sections. According to the later decisions in states where a similar rule prevails, it also appears to be unnecessary to embody in the new statute the old section as it originally was, provided the section, as it stands amended, be inserted at length. *Arnoult* v. *New Orleans*, 11 *La. Ann.* 54; *People* v. *Pitchard*, 21 *Mich.* 236; *City of Portland* v. *Stock*, 2 *Oregon* 69; *State* v. *Draper*, 47 *Mo.* 29; *Greencastle Turnpike Co.* v. *State*, 28 *Ind.* 382; *People* v. *McCallum*, 1 *Neb.* 182.

The law in question is, I think, constitutional.

It being thus manifest, therefore, that the relators have no longer any shadow of claim to the offices or franchises held by the defendants, the inquiry arises whether they should be aided, so far as the court has now discretion to refuse them aid, in the further prosecution of their suits. They stand merely as members of the municipality, and they seek to displace almost all the officers under whose supervision and control the public affairs of the corporation are transacted. If they succeed, the persons whom the citizens have elected to manage the police, fire, water, sewer and street departments of Jersey City, will be ousted, and these important interests will be left without a head. While the relators had the right to assume the reins of government in such an emergency, and were asserting that right before us, we felt that discretion was confined within comparatively narrow bounds; but now that

the question is resolved into one of simply public concern, we are much less trammeled and constrained.

If we were considering whether we would grant leave to file an information, the case of *State, ex rel. Mitchell,* v. *Tolan,* 4 *Vroom* 195, would be directly to the effect that our inquiry should be nothing more nor less than, conceding the defendants' title to be bad, will the public interests be injuriously affected by a successful prosecution of proceedings to oust them from their offices? Upon that question, at this juncture, there could be but one decision; the consequences being the evils that would flow from the want of local government in a large city, permission would be refused. Leave to file an amended information, in lieu of one adjudged bad, is, at least, as clearly a favor as was leave to file the original; and if this would not now be granted, neither should that be.

The application to amend is, therefore, denied.