## No. 986.

### STATE OF LOUISIANA ·EX REL. COBB & GUNBY VS. JUDGES OF THE CIRCUIT COURT OF APPEAL FOR THE SECOND CIRCUIT.

A case involving more than $200, exclusive of interest, and less than $1,000, on appeal from the late Parish Court of the Parish of Ouachita, to the late Fourteenth Judicial District Court for the parish of Ouachita, at the time of the adoption of the Constitution of 1879, should be transferred as directed by Act No. 29 of the Legislature of 1880, to the Court of Appeal for the Second Circuit, the only Court in the State now having jurisdiction of such a cause, under the present Constitutional organization.

The mode of trial of such cases shall be as provided for, in said Act No. 29 of the Legislature of 1880.

The title of said Act No. 29 is, in no manner, repugnant to Article 29 of the Constitution of 1879.

This Court will exercise its original power over all inferior Courts, as granted by Article 90 of the Constitution of 1879, to order the Courts of Appeal to try such cases.

APPLICATION for Writ of Mandamus.

---

Cobb & Gunby, Relators, in propriis personis.

W. W. Farmer and O. Mayo, Judges of the Court of Appeal for the Second Circuit, Respondents.

## ON APPLICATION FOR MANDAMUS.

The opinion of the Court was delivered by

FENNER, J. Relators apply for a writ of mandamus addressed to the judges of the Court of Appeals for the Second Circuit of the State, commanding them to take jurisdiction of a certain cause on the docket of said court, in which relators are plaintiffs, and to proceed to the trial thereof according to law.

The substantial facts, stated as briefly as possible, are as follows, viz.: The case referred to is one in which the matter in dispute exceeds two hundred dollars, exclusive of interest, and does not exceed one thousand dollars. It was brought, tried, and decided in the late Parish Court of the parish of Ouachita.

An appeal was taken to the late Fourteenth Judicial District Court for the parish of Ouachita, which appeal was never disposed of, but was pending when said court was superseded, so far as the parish of Ouachita was concerned, by the present Fifth Judicial District Court, created under the Constitution of 1879. The judge of this last Court made an order directing that this and other similar cases be transferred for trial to the Court of Appeals for the Second Circuit, as directed by Act 29 of the General Assembly of 1880. The case was so transferred and placed on the docket of said Court of Appeals. At the first session of said Court in the parish of Ouachita, this cause was called for trial, when the counsel for defendants therein filed a plea to the jurisdiction of the Court, on the grounds that the Fifth Judicial District Court was vested with exclusive jurisdiction of the case; that it had been improperly transferred to the Circuit Court of Appeals, which was without jurisdiction to hear or determine the same; and praying that the cause be remanded to the said District Court to be proceeded with according to law.

After due hearing, the Circuit Court substantially sustained the plea, and rendered judgment annulling the order of the District Court transferring the case, and ordering the clerk to replace the case on the docket of the said District Court, to be proceeded with according to law. One of the respondents suggests question as to our power to grant the relief asked by mandamus. We have no doubt upon that point. The jurisdiction to try and determine the appeal in question rests either in the Circuit Court or in the District Court. It cannot rest in both. If it rests in the Circuit Court, it is the plain constitutional duty of that Court to exercise such jurisdiction and to hear and determine the cause; and an order declining such jurisdiction and remanding the case to a court which has no jurisdiction would be, on the hypothesis stated, a plain violation of duty, and a denial of justice, for which there would be no

other adequate remedy. The writ of mandamus is expressly authorized for the purpose of directing a court of inferior jurisdiction to perform some certain act belonging to the place, duty, or quality with which it is clothed ; which is the precise relief sought in the present proceeding,

We took occasion, at the earliest opportunity offered after our accession to the Bench, in the case of State *ex rel.* Wells vs. the Judge of the Sixth District Court, to lay down some general rules by which we should ordinarily be guided in our exercise of the power of "control and general supervision over all inferior courts" granted us by article 90 of the Constitution. We there stated that we should exert that power through the medium of the writs of mandamus and other writs mentioned in said article, and that we should follow the provisions of the Code of Pactice regulating said writs ; but that we considered article 839 of that Code, restricting the authority to issue the writ of mandamus to courts having appellate jurisdiction, as abrogated by the article 90 of the Constitution, which extended our power over *all* inferior courts. There is, therefore, no difficulty in the way of our granting the relief sought, if we shall determine that the respondents have jurisdiction over the cause in question, and have refused to exercise the same, and have unlawfully turned the case from their Court and remanded it to another Court having no jurisdiction over it.

We have most attentively studied the able separate opinions prepared by respondents in support of their decision on the plea to the jurisdiction.

They arrive at their respective conclusions upon radically different theories. One concludes that the District Court must hear and determine the case in the exercise of its original jurisdiction, treating the prior judgment of the Parish Court as merged into the judgment which may be rendered in the District Court. The other maintains the continued appellate jurisdiction of the District Court over the cause, and its duty to determine it in the exercise thereof. Either theory is maintained with great skill and plausibility. Both concur in the decree remanding the cause to the District Court.

In stating our own conclusions, we do not consider it necessary to answer all the arguments advanced by the respondents in support of their several theories, though we have not failed to weigh them, and satisfy ourselves that they are susceptible of complete refutation.

We think the following propositions are sustained by the plain letter of the Constitution of 1879, viz.:

1. The Courts of Appeal have exclusive appellate jurisdiction of *all* cases where the matter in dispute exceeds $200, exclusive of interest, and does not exceed $1000.

Const. Art. 95.

2. The District Courts have original jurisdiction of all matters exceeding fifty dollars, and have *no* appellate jurisdiction, except of appeals from justices of the peace involving an amount between ten and one hundred dollars.

Const. Art. 109.

3. The Constitution provides that *all* cases pending in *all* other Courts under the Constitution of 1868 shall be transferred to the Courts respectively having jurisdiction of such causes under *this* Constitution.

The foregoing express provisions of the Constitution cannot be gainsaid or explained away.

We proceed with the following additional proposition, which is indisputable in point of fact, and, as a consequence of the above, irrefutable in point of logic, viz.:

4. The cause in question here is an *appeal*, and, therefore, a case of *appellate jurisdiction*. It involves an amount exceeding $200, exclusive of interest, and not exceeding $1000. The only Court, under the present Constitution, having appellate jurisdiction over such a case is the Court of Appeals. Hence, under article 261 *ex vi terminorum*, this case was transferred to that Court.

All arguments against this proposition are either arguments *ab inconvenienti*, or attempts to array the alleged intent of the Convention, as implied in other articles, against its will as expressed in these articles of the Constitution, or efforts, by artful interpretation, to impress upon these latter articles a meaning of which their clear and unambiguous language is not susceptible.

We think it safest to stand by the plain letter of the Constitution; and that inevitably fastens the cause under consideration within the appellate jurisdiction of the Circuit Court of Appeals.

We next proceed to consider the effect of article 102 of the Constitution, which has lain as a stumbling-block in the path of our learned brothers of the Circuit Court. From what we have heretofore said, it is apparent that the Courts of Appeal are vested by the Constitution with jurisdiction of two classes of appeals, viz.: First, of appeals from the District Courts, in which the " original records, pleadings, and evidence" are necessarily, under pre-existing as well as existing laws, taken down in writing ; and, second, of appeals from the late Parish Courts, in which, under the laws governing the same, the evidence is not necessarily taken down in writing.

Now, article 102 provides: "All cases on appeal to the Courts of Appeal shall be tried on the original record, pleadings, and evidence *in the District Court.*"

It is perfectly clear that this article only applies to appeals from the District Courts. Any other interpretation would be absurd. To say

that this article excludes from the jurisdiction of the Courts of Appeal proper cases of appeal from the late Parish Courts, would be to annul the plain provisions of articles 95 and 261, as heretofore quoted by us. To say that such appeals are to be tried on "original evidence in the District Court," where no such evidence was ever taken, would be unreasonable. The article can have no rational meaning, except as confined to appeals from the District Courts.

It follows, therefore, that the mode of trying appeals from the late Parish Courts in the Courts of Appeal is not provided for in the Constitution. Does it follow that such appeals shall not be tried at all? Clearly not. Does it follow that, in the absence of any evidence taken down in the Parish Court, without fault of the parties, the appeals shall be tried without any evidence at all? That would be a farce.

With reference to these appeals, the Circuit Court occupies precisely the same position under the Constitution as the District Courts occupy with reference to appeals from justices of the peace. Article 111 provides: "The District Courts shall have jurisdiction of appeals from justices of the peace in all matters where the amount in controversy shall exceed ten dollars, exclusive of interest." The Constitution contains no other word touching these appeals. It does not provide how they shall be tried. We know that in trials before justices of the peace the evidence is not taken down in writing. These appeals will be tried in the District Courts de novo. Why? Because, under existing laws, the Legislature has provided that they shall be so tried, and, in the absence of constitutional provision on that subject, the Legislature had the right to regulate the mode of trial. So, in the case at bar, the Constitution not having provided the mode of trial for such appeals, it vested within the province of the Legislature to do so.

Now, by Act No. 29 of 1880 the Legislature has regulated all these matters, and has provided the mode in which the parties to such appeal as that under consideration may have their evidence taken and reduced to writing for use on the trial in the Courts of Appeal.

It has been objected that section nine of this statute and other sections touching the transfer of appeals from Parish Courts to the Courts of Appeal are in violation of article 102 of the Constitution, and of other articles regulating the jurisdiction of courts. From the view we have taken of these articles, it is clear there is no such repugnancy.

It is further objected that the title of the act does not conform to the requirements of article 29 of the Constitution. There is no force in the objection. The title is "to provide for the transfer of causes pending in the Courts established by the Constitution of 1868 to the Courts established by Constitution of 1879." The object stated is broad enough to cover every thing germane, incident to, or connected with the transfer

State ex rel. Cobb & Gunby vs. Judges of the Circuit Court of Appeal, Second Circuit.

of causes. The purpose of transfer from one court to another is to secure trial in the latter, and provisions for the mode of trial are germane and appropriate under such a title.

See State vs. Henderson, 32 An. 779.

We thus, by simply following the letter of the Constitution, reach conclusions on this entire subject in harmony with the legislative interpretation of the Constitution, and are able to give effect to the legislative will upon matters within its proper and legitimate domain. At the same time, we reach a direct, practical, equitable solution of the vexed questions involved, under which the rights of all parties will be secured. It will lie within the province of the Courts of Appeal to make such proper order touching the notices and delays to be observed in taking the testimony under the statute as will secure promptness of trial and preserve the rights of parties.

For these reasons we are of opinion that the relators are entitled to the relief asked.

It is therefore ordered, adjudged, and decreed that the writ of mandamus herein issued be now made peremptory, commanding respondents to take jurisdiction of the case of Cobb & Gunby vs. H. W. O'Neil & F. P. Stubbs, No. 3 on the docket of their said Court, and to proceed to the trial and determination thereof according to law, and in accordance with such rules and orders touching the trial of causes as they may make in their said Courts.