No. 8909.

MISSISSIPPI, TERRE-AUX-BŒUFS AND LAKE BORGNE RAILROAD COMPANY VS. L. H. WOOTEN.

The right to build branch roads and to expropriate for the purpose, conferred by a charter to a railroad company, is embraced within the title of its charter, which reads: "An Act to incorporate the Mississippi, Terre-aux-Bœufs and Lake Borgne Railroad Company, and to define its powers and authority."

The expropriated owner, through whose land the road is built, has a right of passage across it to go from one part to another.

Where such owner has failed to adduce sufficient evidence in support of his claim for damages, his right to assert and prove such should be reserved.

APPEAL from the Twenty-fourth District Court, Parish of St. Bernard. *Livaudais*, J.

*E. D. White, E. D. Saunders* and *J. Lombard* for Plaintiff and Appellant.

*John Ray* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a proceeding to expropriate the defendant of a strip of land which the plaintiff claims to need to build a branch road.

The defenses are: that the expropriation is not authorized by plaintiff's charter, the title of which is not expressive of the right claimed; that even then, the amount tendered as the value of the land and compensation for damages is by far inadequate, as the land and damages are fully worth $8500, for which judgment is asked.

The case was tried by a jury, who allowed $100 and no damages.

From the judgment on the verdict the plaintiff appeals.

## I.

The title of the act of incorporation of the company reads: "An Act to incorporate the Mississippi, Terre-aux-Bœufs and Lake Borgne Railroad Company, and to define its powers and authority." V. Act 20, E. S. 1877, p. 24.

By the third section of this act, the line of road described is to commence at "a point about fifteen miles below the city of New Orleans, in the parish of St. Bernard, and known as the Terre-aux-Bœufs landing; following the Terre-aux-Bœufs road to a point where the late Mexican Gulf Railroad branches off from the said Terre-aux-Bœufs road and thence to the lake, the terminus of the present road; with such other branches as the company may deem proper and expedient to create and facilitate business."

The line of road which the plaintiff sues to expropriate commences in New Orleans and runs so as to intersect the main road as laid down in the charter.

It is unnecessary to determine whether the right to build a main road, and to expropriate for that purpose implies that of building branch roads, and to expropriate to that end, as the charter in the present case is explicit on that subject.

The question presented for solution, is simply whether that power to build branch roads and to expropriate to that end is expressed in the title of the act of incorporation.

The title of the act explicitly announces the creation of the corporation and the definition of its powers and authority.

It is unnecessary to say whether this title includes one or more objects, as the act was passed under the constitution of 1868, which authorized the adoption of acts having several objects.

It is settled by abundant authorities, resting on sound reason and principles, that the title of an act is not required to enumerate all the particulars, incidents and details by which its object is to be carried out. The Constitution requires only that the title should announce its general object. The provisions in the body of the act, such as are ancillary to accomplish the purpose of the act and come within its purview, which are incidental or germain thereto, are considered as covered by the title, where its language is broad enough to include the same.

In the present instance, the corporation is given the right to build branch roads and to expropriate for the purpose of constructing them. That right is a power, is one of its privileges, is part of its authority

NEW ORLEANS, APRIL, 1884.

Railroad Company vs. Wooten.

and is clearly included or embraced within the title as expressed. Cooley, C. L. pp. 144, 146; Bishop on Written Laws, § 36a; 28 A. 38, 199, 722; 31 A. 338; 32 A. 90; 33 A. 63.

## II.

The area of the strip sought to be expropriated is some two-thirds of an arpent. The tender made as its value was $100. This was refused. The defendant claims that it is worth $150, and that the damages to be sustained by him can be set down at $7500 as the value of the rear portion of his land or plantation, considered as totally destroyed by the railroad in front of it, and $500 as the loss in value of the front part; the whole aggregating $8150.

The theory and only ground upon which the defendant contends that he is entitled, besides the value of the land sought to be expropriated, to the damages set forth, is that, after the road will have been built, he will have no right to cross it for the purpose of cultivating his plantation and other purposes.

It is needless to pass upon that question, as the plaintiff emphatically admits the right which clearly exists in defendant.

The brief of counsel distinctly says:

"It is not true that the company will have the legal right to refuse defendant a right of passage over its right of way. It would not have such right, the rear portion of the plantation being inclosed by the construction of the road, even if it were absolute and unconditional owner. A railroad company is not in the full sense of the term absolute owner of the right of way. It acquires under expropriation no right which it cannot hold, but would be compelled forthwith to retrocede to the expropriated owner. It does not, therefore, acquire the right of prohibiting the owner from crossing the right of way to reach the portion of his land inclosed by the construction of the road. As the defendant's plantation is not severed in two portions, each inaccessible to the other, the only cause of damage which he alleged in his pleadings, is shown not to exist."

The right to cross the road being thus unequivocally recognized, the apprehensions of the defendant must be deemed altogether groundless.

The defendant further claims that he was not allowed the full value of the land, and the cost of fencing and gates alongside the road.

The difference between the amount tendered and that claimed as the value of the land, is fifty dollars, which a jury of freeholders of the vicinage thought should not be allowed.

The answer does not specify as an element of damage, the cost of fences and gates, but evidence was received without objection on the subject.

The proof does not appear to establish sufficiently the necessity or cost of the same. It is no doubt on that account that the jury made no allowance. The defendant should not, however, be prejudiced by that want of proof, and his rights whatever they be to such and any other damages not passed upon here, should be reserved.

This is not a case in which we should interfere to quash the verdict of the jury otherwise, which seems to have done justice.

It is, therefore, ordered and decreed that the verdict and judgment hereon, be amended by inserting therein a reserve of the rights of defendant, if any, hereafter to claim such damages and the value of such fences and gates, and that thus amended, said verdict and judgment be affirmed at the costs of plaintiff.