## 11,976.

### LEONCE M. SONIAT VS. THOMAS SUPPLE ET ALS.

The *proviso* in Sec. 8 of Act 89 of 1894 is embraced within the meaning of the title to the act, intimately associated with it; is *germane* to the object and purposes of the act, and is valid and constitutional. The *proviso* was not repealed by Act 152 of 1894.

It is within the power of the Legislature to authorize district judges to cause a jury to be drawn at any term of court or at any time during the term. Sec. 8 of Act 1889 in the *proviso* to said section authorizes the District Judge to cause a jury to be drawn to tr  a civil case in which there is a prayer for jury during the term of court at which the prayer is fixed and the jury ordered. But the jury must be drawn by the jury commissioners, as the judge has no authority to order the sheriff to select a jury. The order of the judge to summon the jury, directed to the sheriff, must be, after the jury has been drawn by the jury commission.

Persons owning undivided interests in property may merge their interests so as to facilitate a division in kind. The judge, however, must decide whether this merger of interests will permit a  division in kind without loss or great incon-venience to the other co-proprietors.

Parties to a partition have the right to insist that the property shall be viewed in its existing physical condition, and if it presents insurmountable objections to a partition in kind, the consent of some of the owners that they will relin-quish all advantages which might accrue from the peculiar condition of the

property, or be willing to make restitution for parts falling to others for inconvenience to them, can not compel the other owners to consent to a division in kind.

APPEAL from the Fourteenth Judicial District Court for the Parish of Iberville.   *Talbot, J.*

*Hébert & Hébert* for Plaintiff, Appellee.

*Sims & Gordon* for Defendants, Appellants.

Argued and submitted December 21, 1895.
Opinion handed down January 20, 1896.

The opinion of the court was delivered by

McENERY, J.   This is a suit to partition the Zacharie plantation in the parish of Iberville.

We understand that the peremptory exception filed by defendants was abandoned in the court below.   It is not referred to in defendants' brief.

The case was tried by jury, and there was judgment in favor of plaintiff, ordering the property sold to effect the partition.

The contention was as to the mode of partition, whether in kind or by licitation.

There was, on the part of the defendants, an application for trial by jury.   It was granted, and at the same time the judge ordered the sheriff to summon twenty-four persons, having the qualification of regular jurors, to ɪry the case.   The defendant objected to the order, on the grounds that the court was without jurisdiction to order the sheriff to draw *tales* jurors at a civil term of the court, and that the order was in direct violation of the rules of the court. Subsequently a motion was filed to rescind the order, for the reasons that the *proviso* in Sec. 8 of Act 89 of 1894 refers to a term of the court which had been fixed by the order of the judge as a jury term and has no reference whatever to a term for which no jury had been previously ordered; that the *proviso* is unconstitutional, because its object and purpose are not *germane* to the objects and purposes of the Act 89 of 1894, and that the object of the *proviso* is not inserted

in the title of said act; (2) the *proviso* was repealed by Act 152 of 1894; and the court was without jurisdiction to order the summoning of talesmen at a civil term to try the case.

Act 89 of 1894, in its title, is relative to juries, and to repeal Act 44 of the regular session of 1877. The *proviso* has a direct relation to the object expressed in the title, and is *germane* to it, as it expressly refers to the manner of summoning a jury in a special case excepted from the general provision of. the act. The title of the act covers the scope and meaning of the *proviso*.

There is nothing in Act 152 of 1894 which in any way conflicts with the *proviso*, as that act has reference to terms of court.

The *proviso* has reference to the term at which the prayer for jury is filed. It is somewhat confused, but its meaning is that the term of court at which the prayer for jury is filed and granted, and the jury ordered, is the term referred to, and at which it is intended the case shall be tried. There is no constitutional provision which makes it imperative that a civil case, triable by jury, shall be tried at a regular jury term. It is only requisite that the judge will have the power and authority by legislative will to order the jury at the civil term of the court. It is within the power of the Legislature to authorize the judge to cause a jury to be drawn at any term of court, or at any time during the term. The power has been granted district judges in several acts to call special jury terms of court at which a jury be summoned, and the *proviso* to Sec. 8 of Act 89 of 1894 has given the distric judges the authority at a term for which no jury has been summoned, to cause the jury commissioners to select a jury during the term to try a civil cause in which a jury has been ordered to try the same.

The summoning of tales jurors is usually done after the exhaustion of the panel of regular jurors. For this contingency there is provision made in Sec. 6 of the Act 89 of 1894. But the act (Sec. 61) also provides for the selection of additional jurors for service, either as regular jurors or as talesmen, by the jury commissioners, to be summoned without delay, or within the time the judge shall require. We construe *the proviso* to Sec. 8 to mean that the order to the sheriff to summon the jury shall only be given after the jurors have been selected by the jury commissioners. There is certainly no authority for the judge to summon tales jurors to try a civil case in any other manner than that pointed out in Sec. 6 of the act.

The authority is not vested in him to do so in the *proviso* to said act. Therefore the tales jurors referred to in Sec. 8 of the act, in the provision to the same, must necessarily have reference to tales jurors to be selected by the jury commissioners.

The judge was in error in ordering the sheriff to summon the jury before it had been previously selected by the jury commissioners.

After the trial had commenced the defendants were permitted to file an amended answer showing an agreement between defendants to merge their interests so that they could receive in kind for their several individual interests, one-fourth of the property, thus dividing the plantation into four lots for allotment among the owners. Plaintiffs objected to the filing of the amended answers on the grounds that it came too late; that the plaintiff had never consented to such a partition; that the attorney representing the defendants could not represent their respective interests; but if he had such authority it must be special and in writing, and that the partition must be final and definitive. The issue involved was whether the plantation could be divided in kind. The amended answer did not alter, change, or modify this issue. Under the circumstances of this case we do not think the District Judge abused the discretion vested in him as to the filing of amended pleadings. There is no time specified in which an amended answer must be filed. The time at which it is presented, however, ought to influence the judge in its admission in the recor s, as in many instances such pleadings are filed for delay. In a case of this kind, in order to render substantial justice, we do not think there was error in his ruling.

In order to facilitate a partition in kind, there is no reason why parties to the suit can not merge their interests and hold in indivision the part allotted to them. As between the parties the partition in such a case would be definitive and not provisional, as there would be left nothing to be divided between all the parties to the act or suit. There were no minors interested, requiring the appointment of a special tutor to each interest of such minors, as against the interest of the tutor representing all the minors. In a case where they are all majors, who employ one attorney, there is no reason after the partition for any inequality on that account in the division, to serve as a basis for a suit of rescission. The plaintiff owned nine-twelfths; the defendants one-twelfth each. In order that a division in kind could be made, they were at liberty to merge their interests

into one-fourth of the place, and ask that this be given them by lot. The judge, of course, is to decide whether or not, with this merger of interests, the property can be divided so as not to inflict injury and inconvenience on the other co-proprietors.

After this amended answer was filed, the defendants offered to file a supplemental petition, which was rejected by the court.   A bill was reserved.   The supplemental answer was an abandonment by defendants of interest in certain improvements on the plantation, which, it appears, were together in a space of some thirty acres.   The answer recites:  "That in order to eliminate entirely from this case the issue presented by plaintiff relative to the existence of certain improvements on the plantation, consisting of buildings, including more particularly the main dwelling house on said plantation, these respondents hereby abandon and relinquish all of their right, title and interest in and to said main dwelling house and other buildings on and attached to said plantation, in the petition in kind of said plantation; that should such division in kind in the proportion of four lots, the lot on which said dwelling house and other buildings are situated, be allotted to or drawn by plaintiff, these respondents hereby relinquish and abandon any and all claims which they otherwise may or might have urged for their proportion of the value of said building; that these respondents, in case of a division in kind and the allotment of tracts, and in case the lot or tract on which said main building is situated be allotted to and drawn by these respondents under the merger of their shares as set forth in their supplemental answer heretofore filed herein, they are ready and willing to take and receive said lot or tract and pay their proportion of the value of said buildings thereon, according to the valuation placed thereon according to law in the progress and cause of said partition. Respondents further show that in case the lot on which said main building is situated be allotted to or drawn by plaintiff, these respondents will make no claim against him in said partition for their proportion of the value of said main building or any other buildings thereon, and in case there be verdict and a decree for partition in kind in this case, these respondents consent hereby that all of the foregoing stipulations and admissions be entered as part of such decree; that these respondents agree and consent that a decree be entered herein for a division of the land in the rear of the railroad line into four lots and the land between said railroad and the river into

town lots, near said town, and the remaining portion of said tract into strips of large dimensions, as lands may be readily sold in small tracts."

All these matters were to be made a part of the decree in case a verdict should have been entered for a partition in kind.

The defendants had the right undoubtedly to enter a *remittitur*, or relinquish any claim which would be to their advantage; but this can not be coupled with a condition that the verdict of the jury will be favorable to their side of the case.    Notwithstanding the relinquishment that defendants make, it may be that the lots with the buildings on them would be a burden to the owner, as they were placed thereon for the service of the plantation in its entirety.    The plaintiff could not be forced into a division of the property in lots for future sales and speculative value, nor could he be required to enter a formal consent that certain parts of the property should be divided into town lots.    The supplemental answer contains matters for a convention between the parties to the partition suit, and the defendants, by pleading and tendering them in an amended or supplemental answer, can not force them upon plaintiff's acceptance.

Parties to a partition have the right to insist that the property shall be viewed in its physical aspects, and if it presents insurmountable objection to a partition in kind, the consent of some of the owners that they will relinquish all advantages which might accrue from the peculiar situation of the property, or be willing to make restitution for parts falling to others for inconveniences, can not compel the other owners to consent to a division in kind.    Whether this property presents physical conditions which prevent a division in kind we express no opinion.    We have noticed the last two points presented by the record, in order to facilitate a speedy trial, and to avoid bringing the same issues here a second time.

It is ordered that the verdict and judgment therein appealed from be annulled, avoided and reversed, and it is now ordered that this case be remanded to be proceeded with according to law.