The opinion of the court was delivered by
Breaux, J.
One of the defendants appeals from a judgment condemning him to pay a fine of twenty-five dollars and the other appeals from a judgment condemning him to pay a fine of two dollars and a half.
The charge upon which the judgment was rendered was that of cruelty to animals, in violation of an ordinance of the City Council.
The case comes before us on questions of law and such facts as may be needful to their decision.
. The first point urged by the appellant was that the recorder erred in not granting defendant’s motion for a bill of particulars.
It appears that the affidavit was made in good faith and that it was reasonable and that the law had been substantially complied with. *1622 It could have been amended at any time during the hearing in ease of insufficiency or defect. It was not amended, and on the trial it did not become apparent that an amendment or a bill of particulars was needful.
Substantially the defendants must have known the offence for which they were tried.
After this motion had been overruled and the defendants had taken their bills of exception, they made the defence that Act 19 of 1888 and the ordinance under which they were prosecuted violate Art. 29 of the Constitution.
With reference to the act it is argued that it contains three objects; two of these objects, it is asserted, are not necessary or incident to the main object.
The act assailed by the defendants as being unconstitutional is entitled an act “ relative to societies for the prevention of cruelty to animals;” their organization, their officers, members and agents, and the fines collected in prosecutions instituted by them and the duties of municipal corporations with respect thereto.”
The plaintiff seeks to support the act on the ground that the object is to prevent cruelty to animals in streets and other places of the municpal corporations; that under the title of the act it was germane to that part of the statute relating to the organization of societies for the prevention of cruelty to animals to add a section making it the duty of municipal corporations to provide by ordinance for the punishment of cruelty to animals.
It was contended that there was necessary “oneness” or unity of object in the act.
This position of plaintiff was controverted by the defendants, who urged that the title of the act is clear and that it could convey no other purpose than to provide for the organization of societies for the prevention of cruelty to animals, but that the other part of the act, as we take it, which provides for the organization of these societies, directs mayors of cities to commission their agents as special officers, are foreign to the purpose of the act.
From these propositions the conclusion is arrived at by the defendants, that the provision of this act contains three different non-germane objects.
They are briefly stated :
1. To authorize societies to prevent cruelty to animals.
*1623 2. To direct the municipal corporations to issue commissions to designated agents as special officers of the society.
3. To punish offenders.
In our view the different provisions of the act include a number of details which were deemed necessary in order to accomplish the purpose in view.
There is not here the least inconsistency; they all harmonize to one end.
There is difference in details, but none as to objects. The municipality has been given no power save that needful to accomplish the one statutory object. Two agencies, it has been repeatedly held,may be combined under one authority, with the view of carrying out' an end proposed.
Power may be given to two corporations and the statute is not illegal as containing two objects, from the fact that it also authorizes the forming of a society solely in matter of .the one object in view.
The title also is broad enough to cover all the provisions of the act and the body of the act contains one object to prevent cruelty to animals and is responsive to the title covering the one object. State vs. Taylor, 34 An. 981; Luckly vs. Police Jury, 46 An. 686.
We take up the next ground of defence: the act violates Art. 235 of the Constitution and permits infringement upon the rights of persons.
This objection is founded upon the asserted favoritism of the society.
If there is any foundation in fact in the position it would be evidence of the violation of the statute by the society, and not an indication of permission to commit trespass or to inflict an injustice.
The matter of notice to one and not to the other, that he is exposed to arrest because of his direct or indirect violation of the ordinance, does not give rise to any question of unconstitutionality of the statute.
The complaint is not before us contradictorily with the asserted offending society. Moreover, if it be as asserted, the favoritism could not be justified by any of the terms of the statute.
The prosecution was instituted in the name of the State; it can not be (as defendants would have it) presumed that it was instituted by the society. The society not being a party can not here be held responsible for alleged partiality in matter of the enforcement of the statute relative to cruelty to animals.
*1624 Illegality of the ordinance, to prevent cruelty to animals, is also urged on the ground that it does not come within the scope of the police power of the city; that the police power does not extend to the protection of animals in the manner the ordinance would sanction; that there was no breach of order or disturbance of any kind, and the act of the defendant in question was of a personal character; it concerned only the appellants personally.
We take it that the Legislature had conferred needful power to the council to pass ordinances to prohibit nuisances.
This conferred upon the city government authority to impose penalties upon those who make an unlawful, unreasonable and offensive use of their property. Cruelty to animals on the public street, it has been held, works annoyance, and, as such, it is in violation of the rights of the public.
The objection of the appellants, that the ordinance interferes with private rights of property and the liberty of using it, and of enjoying the ownership, is equally as unfounded.
The rights of the owner of animals can not be injuriously affected or obstructed under the terms of an ordinance requiring that it be not cruelly treated in the public places of a city.
The statute relating to animals is based on “ the theory, unknown to the common law, that animals have rights, which, like those of human beings, are to be protected. A horse, under its master’s hands, stands in a relation to the master analogous to that of a child to a parent.” Bishop on Statutory Crimes, Sec. 1101 et seq.
Reasoning from that basis, we feel certain that the ordinance and statute do not interfere with the private right of property as claimed. In answer to the contention that we should review the facts, we deem it proper to say:
This being an appeal from a fine imposed under a municipal ordinance, this court is not vested with jurisdiction to determine on the facts of the case save to the extent needful to pass on the law points presented.
This court has naught to do with the guilt or innocence of those against whom these proceedings were instituted. This being exclusively a matter of fact does not come within the exercise of our appellate power.
■ It is ordered and adjudged that the judgment appealed from be affirmed.