Porter v. Vinzant, Chief of Police—Syllabus.

—————

FRANK S. PORTER, PLAINTIFF IN ERROR, v. W. D. VINZANT, CHIEF OF POLICE, DEFENDANT IN ERROR.

1. Municipal corporations have only such powers as are conferred upon them by express legislation or by necessary implication from those expressly given.

2. The difficulty of making specific enumeration of all such powers as the legislature may intend to delegate to municipal corporations renders it necessary to confer some power in general terms.

3. The general powers usually given to municipal corporations are as a general rule designed to confer other powers than those specifically enumerated.

4. General powers conferred upon municipal corporations should be construed with reference to the purposes of the incorporation.

5. Authority to pass ordinances against cruelty to animals is among the powers which may properly be conferred upon municipal corporations, and such authority may be in-

cluded in powers given in general terms where there is nothing in the enumeration of the particular powers con- ferred to limit the operation of the general powers given.

6.  In section 4 of Chapter 3775, acts of 1887, entitled "an act to establish the municipality of Jacksonville, provide for its government and prescribe its jurisdiction and pow- ers," it is provided that the mayor and city council shall have power by ordinance "to make regulations to secure the general health of the inhabitants and to prevent and remove nuisances;  *  *  *  to provide for the arrest, imprisonment and punishment of all disorderly persons within the city, by day or by night, and for punishment of all breaches of the peace, noise, disturbance and disorder- ly assemblies;  *  *  *  to pass all ordinances necessary for the health, convenience and safety of the citizens, and to carry out the full intent and meaning of this act, and to accomplish the object of this incorporation." A large number of particular subjects are mentioned in the sec- tion upon which ordinances may be passed, but cruelty to animals is not one of them.  The general powers given as above fairly include the power to pass an ordinance against cruelty to animals.

This case was decided by Division A.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Geo. U. Walker,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, for Defendant in Error.

WHITFIELD, C. J.  The plaintiff in error presented to the Circuit Judge for Duval county a petition for a writ of *habeas corpus,* alleging that he is detained in the cus-

tody of W. D. Vinzant, as Chief of Police of the city of Jacksonville, Florida, under process issued pursuant to a judgment and sentence of the municipal court of said city, wherein and whereby he was found guilty of a charge of cruelty to animals in violation of an ordinance of said city, and alleging that said judgment and process under which he is held by said Chief of Police are void, because the charter of said city does not authorize the passage of such ordinance. The Circuit Judge denied the application for a writ of *habeas corpus.* A writ of error was granted by a justice of this court.

The plaintiff in error contends that he is illegally deprived of his liberty because the sentence of the municipal court under which he is held is void, as the charter of the city of Jacksonville does not authorize the passage of the ordinance under which he was convicted and sentenced upon the charge of cruelty to animals.

Chapter 3775 acts of 1887, is: "An act to establish the municipality of Jacksonville, provide for its government and prescribe its jurisdiction and powers." In section 4 of the act it is provided that "the mayor and city council shall within the limitations of this act have power by ordinances * * * to make regulations to secure the general health of the inhabitants and to prevent and removes nuisances; * * * to provide for the arrest, imprisonment and punishment of all disorderly persons within the city, by day or by night, and for punishment of all breaches of the peace, noise, disturbance and disorderly asemblies; * * * to pass all ordinances necessary for the health, convenience and safety of the citizens, and to carry out the full intent and meaning of this act, and to accomplish the object of this incorporation." A large

number of particular subjects are mentioned in section 4 upon which ordinances may be passed, but cruelty to animals is not one of them.

Counsel for the plaintiff in error argues that the enumeration of the particular subjects upon which ordinances may be passed excludes others not embraced in the enumeration; and that the general provisions quoted above do not authorize the passage of an ordinance against cruelty to animals because legislative powers delegated to municipal corporations should be strictly construed.

The difficulty of making specific enumeration of all such powers as the legislature may intend to delegate to municipal corporations renders it necessary to confer some power in general terms. The general powers usually given to municipal corporations are designated to confer other powers than those specifically enumerated. Municipal corporations have only such powers as are conferred upon them by express legislation or by necessary implication from those expressly given, and general powers conferred are to be construed with reference to the purposes of the incorporation. Authority to pass ordinances against cruelty to animals is among the powers which may properly be conferred upon municipal corporations, and such authority may be included in powers given in general terms, where there is nothing in the enumeration of the particular powers conferred to limit the operation of the general welfare clause. Mernaught v. City of Orlando, 41 Fla. 433, 27 South. Rep. 34.

The general powers contained in the Charter act, as above mentioned, fairly include the power to pass an ordinance against cruelty to animals. City of St. Louis v.

Schoenbusch, 95 Mo. 618, 8 S. W. Rep. 791; State v. Karstendiek, 49 La. Ann. 1621, 22 South. Rep. 845, S. C. 39 L. R. A. 520.

The order denying the writ of *habeas corpus* is affirmed.

⟋ SHACKLEFORD and CARTER, JJ., concur.

TAYLOR, P. J., and HOCKER and COCKRELL, concur in the opinion.