LAND, J.
Defendant was prosecuted for violating Act No. 211 of 1914, relative to the sale of near-beer.
Defendant moved to quash the information on the ground that said act is illegal and unconstitutional, in that it does not express its object in the title, and in that it has more than one object, and on the further ground that said act is unreasonable, and abridges the inalienable rights of the citizen to engage in a lawful occupation, in a lawful way, and thereby deprives him of his property rights without any compensation, in violation of the Constitutions of the state and of the United States.
The judge below sustained the' motion to quash on the ground that the title of the act does not cover section 4, relating to the sale of other things besides near-beer. The state has appeáled.
[1] The title of Act No. 211 of 1914 reads as follows:
“To prohibit the manufacture and sale of all substitutes for near-beer; to define near-beer and provide for the method of the manufacture thereof; regulating the sale and use of_ near-beer, and fixing penalties for the violation of any of the provisions of this act.”
Section 4 of the act reads:
“That it shall be unlawful to sell, or offer for sale, any other beverage of any nature, kind or description, whether intoxicating or non-intoxicating, or'any article of merchandise under the same roof where near-beer is sold as a beverage.”
At the same session was passed a drastic act (No. 146) defining and prohibiting the keeping of a “blind tiger” in prohibition districts. The definition covers any place where spirituous, malt, or intoxicating liquors are kept for sale, barter, exchange, or habitual giving away as a beverage in connection with any business conducted at such place. Section 4 of Act 211 of 1914 was intended to prevent the near-beer saloon from being used as a blind or screen for the sale of real beer and other intoxicating liquors. In order to accomplish this purpose the Legislature made it unlawful to sell or offer for sale any other beverage or any articles of merchandise under the same roof where< near-beer is sold. While the language of section 4 may be too broad, in this case the information charges that the defendant did sell or offer for sale certain articles of merchandise in the same store where he sold near-beer as a beverage.
The intent of section 4 is to separate sale of near-beer from sales of all other beverages and articles, as was done in the case of saloons and groceries by section 4 of Act 176 of 1908.
[2] In Purity Extract & Tonic Co. v. Lynch, 226 U. S. 192, 33 Sup. Ct. 44, 57 L. *909 Ed. 184, it was held that a state may, in the exercise of its police power, prohibit the sale of intoxicating liquor, and to the end of making the prohibition effectual may include in the prohibition beverages which separately considered may be innocuous, and so hold as to Poinsetta, a beverage containing a small percentage of malt. In that case the sale of malt liquors, whether intoxicating or not, had .been prohibited by a statute of the state of Mississippi. In the same ease the court, speaking through Mr. Justice Hughes, said:
“It was competent for the Legislature of Mississippi to recognize the difficulties besetting the administration of laws aimed at the prevention of traffic in intoxicants. It prohibited, among other things, the sale of ‘malt liquors.’ In thus dealing with a class of beverages which in general are regarded as intoxicating, it was not bound to resort to a discrimination with respect to ingredients and processes of manufacture which, in the endeavor to eliminate innocuous beverages from the condemnation, would facilitate subterfuges and frauds and fetter the enforcement of the law. * * *
“That the opinion is extensively held that a general prohibition of the sale of malt liquors, whether intoxicating or not, is a necessary means to suppress trade in intoxicants, sufficiently appears from the legislation of other states and the decision of the courts in its construction.”
[3] It follows that near-beer falls within the grasp of the police power of this state, which may prohibit its manufacture and sale; and if the state may prohibit, it may regulate the traffic in near-beer to the point of suppression.
Section 4 prohibits the sale of all other beverages or articles under the same roof where near-beer is sold as a beverage, and thereby restricts the sale of near-beer to places where nothing else is sold. The prohibition of the sale of any other beverage or merchandise is only in connection with the sale of near-beer. In order to isolate the business of selling such beer, the lawmaker prohibited the sale of any other things under the same roof. Section 4 is a regulation of the sale of near-beer, and is therefore expressly covered by the title of the act. This court, in speaking of the subject of the GayShattuek Law, said:
“There is but one object — the saloons.” State ex rel. Tax Collector v. Falkenheiner et al., 123 La. 623, 49 South. 214.
So in this case we might say:
“There is but one object — regulating the sale of near-beer.”
It is therefore ordered that the judgment below be reversed, and this case be remanded for further proceedings according to law.
See dissenting opinion of PROVOSTX, J., 67 South. 954.