FOURNET, Justice.
 

 The defendant, Wilson Martin, having been convicted upon an information charging him, under Act No. 14 of the Second Extraordinary Session of 1934, with the unlawful possession of a narcotic drug— heroin — filed a motion in arrest of judgment based on the unconstitutionality of .that part of Section 2 of the act making it unlawful to possess a narcotic drug, except as authorized in the act, on the ground that it is in violation of Section 16 of Article III of the Constitution of 1921 in that the title does not include or make any reference to the possession of narcotics. The motion was sustained by the trial judge, and the State has appealed.
 

 In disposing of that issue the trial judge, in his written reasons for judgment, stated :
 

 “The title of the act may be read tautologically as follows for the purpose of perspicuous exposition:—
 

 “An Act providing for the regulation and control of the
 
 sale
 
 of narcotic drugs;
 

 “An Act providing for the regulation and control of the
 
 prescribing
 
 of narcotic drugs; •
 

 “An Act providing for the regulation and. control of the
 
 dispensing
 
 of narcotic drugs;
 

 
 *707
 
 “An Act providing for the regulation and control of the
 
 dealing in
 
 narcotic drugs; and
 

 “An Act providing for the regulation and control of the distribution of narcotic drugs.
 

 “It is evident from this simple analysis that the title of this act contains no indication, either expressed or implied, that in the body of the act the bare possession of the narcotics therein defined is prohibited.”
 

 Section 2 of the act declares:
 

 “* * *(Acts Prohibited.)
 
 It shall be unlawful for any person to
 
 manufacture,
 
 possess,
 
 have under his control, sell, prescribe, administer, dispense, or compound
 
 any narcotic drug, except as authorized in this Act.”
 
 (Italics ours.)
 

 The title of the act reads as follows:
 

 “An Act Providing for the regulation and control of the sale, prescribing, dispensing, dealing in, and distribution of narcotic drugs, defining and relating to-narcotic drugs and to make uniform the law with reference thereto, and prescribing penalties for the violation of this Act.”
 

 “Every law enacted by the Legislature shall embrace but one object, and shall have a title
 
 indicative
 
 of such object.” Section 16, Article III, Louisiana Constitution of 1921. (Italics ours.) The corresponding provisions of the several constitutions of this state, beginning with that of 1845, with the exception of the Constitution of 1868, are practically identical and provide that every law enacted by the legislature shall embrace but one object and that object shall be
 
 expressed
 
 in its title. In 1868 it was provided that “Every law shall
 
 express
 
 its object or objects in its title.”- Article 114. (Italics ours.)
 

 “ * * * Article III, Section 16 of the Constitution means that the title shall be a brief and convenient index to the contents of the act and not that every detail appearing in the body of the act shall be set out in the title, for that would be to make the title a copy of the act.
 

 “The rule is that whatever is germane or incidental to the purpose may be set out in the title, but if not so expressed is embraced that is to say, a cognate matter will be covered by the title.
 
 Since the means adopted to carry out a law is not an object of the law, such means need not be mentioned in the title.”
 
 Marr’s Criminal Jurisprudence of Louisiana, Volume 1, at page 11. (Italics ours.) See, also, State v. Bauman, 148 La. 743, 87 So. 732; State v. Lahiff, 144 La. 362, 80 So. 590; State v. Guidry, 142 La. 422, 76 So. 843; Compagnie Francaise de Navigation á Vapeur v. State Board of Health et al., 51 La.Ann. 645, 25 So. 591, 56 L. R.A. 795, 72 Am.St.Rep. 458; Morgan’s Louisiana & T. R. R. & S. S. Co. v. Barton, 51 La.Ann. 1338, 26 So. 271; State v. Karstendiek et al., 49 La.Ann. 1621, 22 So. 845, 39 L.R.A. 520; Lucky v. Police Jury, 46 La.Ann. 679, 15 So. 89; State v. Pittsburg & Southern Coal Co., 41 La. Ann. 465, 6 So. 220; Excelsior Planting & Manufacturing Co. v. Green, 39 La. Ann. 455, 1 So. 873; Mississippi, Terre
 
 *709
 
 Aux-Boeufs & Lake Borgne R. Co. v. Wooten, 36 La.Ann. 441; State v. Dalon, 35 La.Ann. 1141; State v. Crowley, 33 La.Ann. 782; State v. Carter, 33 La.Ann. 1214; State v. White, 33 La.Ann. 1218; Police Jury of Parish of Plaquemines v. Packard, 28 La.Ann. 199; State v. Miller, 26 La.Ann. 579; Arnoult v. City of New Orleans, 11 La.Ann. 54; Lafon v. Dufrocq, 9 La.Ann. 350; State v. George, 136 La. 906, 67 So. 953; State v. Abrams, 121 La. 550, 46 So. 623; Town of Ruston v. Fountain, 118 La. 53, 42 So. 644; State ex rel. Mioton v. Baker, 112 La. 801, 36 So. 703; Hope v. City of New Orleans, 106 La. 345, 30 So. 842; State ex rel. Wynne v. Lee, 106 La. 400, 31 So. 14; Allopathic State Board of Medical Examiners v. Fowler, 50 La.Ann. 1358, 24 So. 809; Soniat v. Supple, 48 La.Ann. 296, 19 So. 128; Naturalization of Osthoff, 48 La.Ann. 1094, 20 So. 282; Williams v. Western Star Lodge No. 24 F. & A. M., 38 La.Ann. 620; State ex rel. Cobb v. Judges of Circuit Court of Appeal, 32 La. Ann. 774; Hammond v. Lesseps, 31 La. Ann. 337; City of New Orleans v. Cazelar, 27 La.Ann. 156; 59 Corpus Juris 812, 813, 814; and 25 R.C.L. 855, 856.
 

 In the same volume, at page 14, it is further stated that “The rule requiring the object to be expressed in the title must be understood in a reasonable sense, and according to the understanding of reasonable men, and is not to be strictly, or technically, or too rigorously interpreted, for if the rules of a nice and fastidious verbal criticism be followed, legislative action will often be frustrated without fulfilling the intention of the Constitution, whose chief object is to prevent the loose legislation which disgraced our statute books.” See State v. Rushing, 49 La.Ann. 1530, 22 So. 798; City National Bank v. Mahan, 21 La.Ann. 751; Municipality No. 3 v. Michoud, 6 La.Ann. 605; State v. Hackett, 5 La.Ann. 91; and Succession of Lanzetti, 9 La.Ann. 329.
 

 Treating of the same subject matter, Corpus Juris states:
 
 "In determining the sufficiency of the title of a statute,
 
 under a constitutional provision requiring the subject of an act to be expressed in its title,
 
 its language should be reasonably and liberally interpreted, in the light of the general legislative purpose
 
 * * *
 
 and should not be technically or critically construed, nor should it be held insufficient unless the question is free from doubt."
 
 Volume 59 at page 809.
 

 In the case of State v. George, supra, this court reversed the ruling of the lower court sustaining a motion to quash a bill of information charging the defendant with the violation of Section 4 of Act No. 211 of 1914 relative to the sale of near-beer on the ground- that that part of Section 4 making it “ * * * unlawful to sell, or offer for sale any other beverage * * * or any articles of merchandise under the same roof where Near-Beer is sold as a beverage” was not indicated in the title of the act, reading:
 

 “To prohibit the manufacture and sale of all substitutes for Near-Beer; to define Near-Beer and provide for the method of the manufacture thereof; regulating the
 
 *711
 
 sale and usé of Near-Beer and fixing penalties for the violation of any of the provisions of this Act.”
 

 The court disposed of that issue stating that [136 La. 906, 67 So. 954]:
 

 “ * * * near-beer falls within the grasp of the police power of this state, which may prohibit its manufacture and sale; and if the state may prohibit, it may regulate the traffic in near-beer to the point of suppression.
 

 “Section 4 prohibits the sale of all other' beverages or articles under the same roof where near-beer is sold as a beverage, and thereby restricts the sale of near-beer to places where nothing else is sold. The prohibition of the sale of any - other beverage or merchandise is only in connection with the sale of near-beer.
 
 In order to isolate the business of selling such beer, the lawmaker prohibited the sale of any other things under the same roof. Section 4 is a regulation of the sale of near-beer, and is therefore expressly covered by the title of the act.
 
 * * * ” and concluded :
 

 “‘There is but one object — regulating the sale of near-beer.’ ” (Italics ours.)
 

 It may be said that the title of the act in controversy was somewhat inartistically drawn, but an analysis devoted to substance rather than to form reveals that it is an act (1) defining and relating to narcotic drugs and to make uniform the law with reference thereto; (2) providing for the regulation and control of the (a) 'sale, (b) prescribing, (c) dispensing, (d) dealing in, and (e)' distribution of narcotic drugs; and (3) providing for penalties for the violation of the act.
 

 The state, under its - inherent police power, has a right to control and regulate the traffic of narcotic drugs and by its legislature’s adoption of Act 14 of its Second Extraordinary Session of 1934 had for its main object the regulation and control of such traffic, which it sought to do by providing for the regulation and control of the (a) sale, (b) prescribing, (c) dispensing, (d) dealing in, and (e) distribution of such drugs and in order to carry out and make effective the purpose of the act, the law makers made it unlawful to possess any narcotic drug
 
 except as authorized in the act.
 

 To say that possession of a narcotic drug except as authorized in the act, though its expressed object is to regulate and control the sale, dealing in, distribuí tion, et cetera, of narcotic drugs, is not germane or incidental to such purpose or embraced therein, would indeed be a too technical and strict construction and would have the effect of frustrating, without fulfilling, the provision of the constitution. How could the state regulate and control
 
 dealings in, sales, or distributions
 
 of narcotic drugs if it could not regulate and control the possession of' such drugs acquired in a manner other than provided for in the act? A holding that it could be done would make the act ineffective and impossible to enforce. Besides, in order to carry out the constitutional mandate that the object of the act must be indicated in its title, the title would have to be a complete copy of the act.
 

 
 *713
 
 Our conclusion is that that part of Section 2 making it “ * * * unlawful for any person to * * * possess * * * any narcotic drug, except as authorized in this Act * * * ” is embraced in and by necessary implication indicated in the title of the act and that the trial judge improperly maintained the motion in arrest of judgment.
 

 For the reasons assigned the judgment of the lower court sustaining defendant’s motion in arrest of judgment is annulled and set aside and the same is overruled, and it is now ordered that the case be remanded to the lower court for further proceedings in accordance with law.
 

 O’NIELL, C. J., dissents.
 

 HIGGINS, J., absent.