No. 2038.—CITY NATIONAL BANK v. F. C. MAHAN, State Tax Collector.

The title of the act of the General Assembly approved eleventh of July, 1868, entitled "An Act relative to the finances of the State," is sufficiently explicit to embrace the objects of the statute. The title of a law is not to be strictly construed; Neither is the above quoted act retroactive in its effect.

The certificates of indebtedness or notes authorized by the act of the General Assembly, approved ninth of February, 1866, are bills of credit and are issued in violation of section 10, of article 1. of the Constitution of the United States.

These certificates of indebtedness or bills of credit having been issued in violation of the prohibitions in the constitution of the United States, are not receivable for taxes or other public dues to the State.

The act of the General Assembly approved ninth of February, 1866, entitled "An Act to authorize the issue of certificates of indebtedness, and of bonds for the funding of the same," is in conflict with article 1, section 10, of the Constitution of the United States, and is therefore void.

APPEAL from the Fifth District Court for the parish of Orleans. Leaumont, J. James B. Eustis and C. B. Buddecke, for plaintiff and appellant. Simeon Belden, Attorney General, H. C. Dibble and J. B. Robertson, for defendant and appellee.

LUDELING, C. J. The plaintiff obtained an injunction to restrain the tax collector from selling his property to pay thirteen hundred and sixty-five dollars and twenty-five cents, in United States currency. He alleges that, by virtue of an act of the General Assembly of the State of Louisiana, approved ninth February, 1866, the State of Louisiana issued certain notes, and made them receivable in payment of all debts due to the State. That he has offered to pay to the collector the amount of his taxes with said notes, but that the collector refuses to receive them, and demands payment in United States currency in conformity with the provisions of the act entitled "An Act relative to the finances of the State," approved eleventh July, 1868. The City National Bank alleges that this act is unconstitutional because its title does not indicate its object; because it is retroactive in its effects; because it violates section 1, article 10 of the Constitution of the United States, by impairing the obligation of the contract created by the act of February, 1866. ·

It is urged in this court in addition to the grounds above stated why the injunction should be perpetuated, that the act, by virtue of which the collector seized, and was proceeding to sell, the property of plaintiff, is unconstitutional, because it confers executive and judicial powers on the collector. We are not prepared to say that the act entitled "an act relative to the finances of the State" is obnoxious to the provisions of article 114 of the constitution of this State. The title might have indicated more exactly the object of the law, "but the title of a law is not to be strictly construed; if it state the object according to the understanding of reasonable men, it satisfies the constitution." 6 An. 605. Neither is the law retroactive. Frellsen *v.* Mahan, tax collector. 21 An. 102.

But if the act approved ninth February, 1866, be valid, the plaintiff had the right to pay the taxes due by him to the State of Louisiana with the notes or bills issued under that act. It declares that "the said certificates shall be payable twelve months after date, without interest, *and receivable for all State taxes or other public dues,* as well as for *the sale of public lands.*" Section 2, acts of 1866, page 8.

The effect of the act of 1868, before mentioned, if enforced, will be to impair the obligation of the State, created by the act of 1866.

We must, therefore, determine the question raised by the defendant, whether or not the act entitled "An Act to authorize the issue of certificates of indebtedness and of bonds for the funding of the same," passed in 1866, is valid—for "the courts will not lend their aid to enforce a contract, or give effect to a law, founded upon a violation of the Constitution."

The language of the Constitution of the United States is "no State shall emit bills of credit." Article I, section 10.

In the case of Craig et al. *v.* The State of Missouri, the Supreme

Court of the United States said "bills of credit signify a paper medium, intended to circulate between individuals and between government and individuals, for the ordinary·purposes of society." In Briscoe *v.* Bank of the Commonwealth of Kentucky (11 Peters 315), the Supreme Court said "The definition then, which does include all classes of bills of credit emitted by the colonies or States, is *a paper issue by the sovereign power, containing a pledge of its faith, and designed to circulate as money.*" This definition was approved of by the same court in Darrington *v.* The State Bank of Alabama. 13 Howard 17.

Both of these definitions embrace the certificates in question.

They were issued by the State.

Section 1 of the act of 1866 provides "that it shall be the duty of the Governor, and he is hereby empowered to issue, *on behalf the State,* from time to time, for the purpose of *paying* the current expenses of the State, in accordance with appropriations therefor, according to law, *a sum not exceeding* two millions of dollars in certificates of indebtedness."

That they were issued on the faith of the State is apparent on the face of the certificates :

"NEW ORLEANS, LOUISIANA, May 23, 1866.

It is hereby certified that five dollars is due *by the State of Louisiana* to bearer, and the State Treasurer is hereby directed to pay the same twelve months after date.

(Signed) "H. PERALTA, Auditor.

" Approved :

ADAM GIFFEN, Treasurer."

*Indorsement*—" This certificate is receivable in *payment* of all State dues and for sale of public lands, and is fundable, at the option of the holder, in State bonds bearing six per cent. interest per annum, payable semi-annually, in accordance with the provisions of an act of the Legislature approved ninth February, 1866."

That they were designed to circulate as money is manifested by the act of the Legislature as well as by the certificates themselves.

The act aforesaid declares the certificates are to be issued "for the purpose of *paying* the current expenses of the State." Section two declares "that the Governor shall determine the denomination and form of the certificates , that they shall be printed and engraved under his direction- and control, etc., and that they shall be receivable for all State taxes or other public dues, as well as for *the sale* of public lands." They were issued in sums of five, ten and twenty dollars in the similitude of ordinary bank bills, and they were actually circulated as money

We are constrained, therefore, to declare that said certificates were bills of credit, and that the act number five of the General Assembly

of the State of Louisiana, entitled " An Act to authorize the issue of certificates of indebtedness and of bonds for the funding of the same," is null and void, being in contravention of section ten of article one of the Constitution of the United States.

We deem it not improper to remark that, by the act No. 114, of 1868, the General Assembly of the State has provided for the redemption of these State notes by the imposition of the one per cent. tax for which they are made receivable.

It is therefore ordered and adjudged that the judgment of the District Court be affirmed with costs of appeal.