Weiss, Yarrut & Stich, Delvaille H. Theard, Legier, McEnerny & Waguespack, Carroll, McCall & Plough, A. D. Danziger and P. H. Stern, J. G. Dempsey, Jr., D. J. Murphy, Hyman Mithoff, J. Zach Spearing, and Scott E. Beer, all of New Orleans, for appellant.

Arthur B. Leopold, of New Orleans, for appellee.

O'NIELL, Chief Justice.

This is one of the cases mentioned in the opinion rendered today in the case of Camille V. Treigle v. Acme Homestead Association, 181 La. 941, 160 So. 637.

For the reasons given in that case the judgment appealed from is annulled and reversed, and the demand of the plaintiff is rejected, and his suit dismissed at his cost.

ODOM, J., dissents.

160 So. 781

## STATE ex rel. SUPERVISOR OF PUBLIC ACCOUNTS v. TERRELL.

### No. 33212.

April 1, 1935.

Harold W. Hill, of Alexandria, for appellant.

Gaston L. Porterie, Atty. Gen., and Justin C. Daspit, Fred. A. Blanche, and E. L. Richardson, Sp. Asst. Attys. Gen. (R. W. Oglesby, of Winnfield, of counsel), for the State.

ROGERS, Justice.

The state of Louisiana, through its supervisor of public accounts, brought this suit against Dennis E. Terrell to recover the amount of the kerosene tax claimed to be due by defendant under the provisions of Act No. 228 of 1926, as amended by Act No. 15 of 1932. The defendant pleaded the unconstitutionality of the statute, alleging that it embraced more than one object in violation of article 3, § 16, of the Constitution of 1921. The court below overruled the plea, and rendered a judgment for the amount claimed by plaintiff. Defendant has appealed from the ruling of the court on his plea attacking the constitutionality of the act.

Section 16 of article 3 of the Constitution of 1921 is in these words: "Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object."

It is not disputed by the defendant that the title of Act No. 228 of 1926, as amended by Act No. 15 of 1932, is indicative of its object. On the contrary, he contends that the title of the act actually indicates three distinct objects, and that those objects are actually embraced in the act itself, when the Constitution says that it shall embrace but one.

According to defendant's contention, the three distinct objects contained in the statute are as follows:

First. The authority given the state board of health to assist any parish or group of parishes to maintain a full time health officer.

Second. The authority granted the state board of health to assist any parish or group

of parishes to establish and maintain regional or district sanatoria for the care and treatment of tuberculous cases.

. Third. The authority conferred on the state board of health, in conjunction with the state live stock sanitary board and certain departments of the United States government, to indemnify owners of tubercular cattle that may have been killed or slaughtered under existing laws or laws that may hereafter be passed.

The constitutional requirement that a statute shall embrace only one object does not mean that each and every means necessary to accomplish an object in the law must be provided for by a separate act relating to it alone. A statute that deals with several branches of one subject does not thereby violate the constitutional provision. Lacoste v. Department of Conservation, 151 La. 909, 92 So. 381; Pires v. Youree, 170 La. 986, 129 So. 552.

The general purpose of Act No. 228 of 1926, as amended by Act No. 15 of 1932, is to promote the cause of public health, and its particular object is to eradicate and prevent tuberculosis in this state, so far as it is humanly possible to do so. A tax of one cent per gallon is levied on all kerosene sold or used for domestic consumption to provide funds for carrying on the work.

In order to further the purpose and object for which it was enacted, the statute· has conferred on the state board of health authority to assist any parish or group of parishes to employ full-time health officers, establish sanatoria and clinics, and destroy tubercular dairy cattle. All these things are merely branches of the object of the act,

germane and incidental thereto, and are means for carrying out its purpose. They are not incongruous matters having no relation to one another or to the object of the statute. Hence, they do not violate the constitutional requirement that a legislative act must have only one object.

For the reasons assigned, the judgment appealed from is affirmed.