Dear Mr. Marino:
This office is in receipt of a resolution of the St. Charles Parish Council, forwarded to us by Ms. Barbara Jacob, Council Secretary, requesting an opinion of this office regarding a Contract for Engineering Services by and between Saint Charles Parish and Evans-Graves Engineers, Inc. (the "Contract") which Contract states that it is for "engineering services for the design and construction and administration of drainage pump stations for the East Bank Hurricane Protection Levee as described in Ordinance No. 02-7-9 which is attached hereto and made a part hereof."
It is our understanding that at the suggestion of General Counsel to the Legislative Auditor, you seek our opinion regarding two issues pertaining to the Contract:
 1. Whether Ordinance No. 02-7-09, which purports to approve and authorize the execution of the Contract, is in contravention of the St. Charles Parish Home Rule Charter, which provides at Article IV, Section B, 3.a, that "No ordinance shall contain more than one subject which shall clearly be expressed in its title . . ."; and
 2. Whether the Contract is illegal because it does not contain a `non-appropriation clause'.
In response to your first question, please be advised that it is the opinion of this office that Ordinance No. 02-7-09, a copy of which is attached hereto for convenience of reference, is not in contravention of St. Charles Parish Home Rule Charter Article IV, Section B, 3, as Ordinance No. 02-7-09 has only one subject, the Contract, and as the subject of Ordinance No. 02-7-09 is clearly indicated in its title, which states as follows:
 "An ordinance to approve and authorize the execution of a Contract for Engineering Services Agreement with Evans-Graves Engineers, Inc. for the East Bank Hurricane Protection Levee Pumps."
In reaching this determination, we are guided by the jurisprudence of the courts of this state which have interpreted La. Const. (1974) Art.III, Sec. 15, and its predecessor, La. Const. (1921) Art. II, Sec 16, the provisions of which are quite similar to St. Charles Parish Home Rule Charter Article IV, Section B, 3[1]. Specifically, we direct your attention to the following: A bill has one object if the parts of the bill are reasonably related and have a natural connection to the general subject matter of the legislation. Louisiana Public Facilities Authorityv. Foster, 795 So.2d 288 (La. 2001), Matter of Rubicon, Inc., 670 So.2d 475
(La.App. 1st Cir., 1996); Where all parts of a statute have a natural connection and reasonably relate, directly or indirectly, to one general and legitimate subject of legislation, the statute is not violative of the constitution as embracing more than one object, no matter how extensively it deals with details looking to the accomplishment of its main purpose. Wall v. Close, 14 So. 345 (La. 1943), Charity Hospital ofLouisiana v. Axford, 131 So. 770 (La. 1930); The object of a law is the matter or thing forming the groundwork of the act, the title of an act of the legislature is of the nature of a label, the purpose of which is to give notice of legislative intent and purpose to those interested in, or who may be affected by, the terms of the act, and to prevent surprise and fraud upon the members of the legislature. Airey v. Tugwell, 3 So.2d 99
(La. 1941); The purpose of the constitutional requirement that every bill contain a brief title indicative of its object is to give notice of the act's intent and to prevent surprise and fraud upon the members of the legislature and those who are interested or would be affected by the act. Farrell v. American Heavy Lift Shipping Co., 805 So.2d 336
(La.App. 4th Cir. 2001); The title of a law is not to be strictly interpreted, and, if it states the object according to the understanding of reasonable men it is sufficient. Bethlehem Supply Co. v. Pan-SouthernPetroleum Corp., 20 So.2d 737 (La. 1949); State ex rel Porterie v.Smith, 166 So. 72 (La. 1936); Lacoste v. Department of Conservation ofState of Louisiana, 92 So. 381 (La. 1922); affirmed 44 S.Ct. 186,263 U.S. 545, 68 L.Ed. 437.
In response to your second question, please be advised that our research did not reveal, nor is this office aware of, any provision of law which would require the inclusion of a non-appropriation clause in a contract for the procurement of professional services, such as engineering services, by a political subdivision[2].
With regard to the potential appropriation of funds by the Parish for payments pursuant to the Contract, we note that although the Contract contains provisions which seem to indicate that the Parish will be paying Evans-Graves Engineers, Inc. under the Contract (see, for example, Section 4.0 entitled "Compensation"), Ordinance No. 02-7-9, as previously noted, is attached to the Contract and specifically made a part of the Contract. Ordinance No. 02-7-09 indicates that Evans-Graves Engineers has, and will continue to act as the Parish's "liaison" with the U.S. Army Corp of Engineers, and will work to seek "funding", presumably from the federal government, for the project. Ordinance No. 2-7-9 pertinently provides that "Evans-Graves Engineers, Inc. has agreed to pursue funding for this project, understanding that it is beyond the ability of the Parish to fund".
We are compelled to note that in our opinion, Ordinance No. 02-7-9, made a part of the Contract by the specific terms thereof, indicates the parties' intent and understanding that Evans-Graves Engineers, Inc. does not expect, and will not receive, any payment of Parish funds under the Contract, as no Parish funds are available for payment to Evans-Graves[3]. We assume that if Evans-Graves Engineers, Inc. is to receive any payment at all for services provided under the Contract, the payment will come from federal funds, if any, received for the project.
It is beyond the purview of this office to opine upon the legality of the use of federal funds for any payments to Evans-Graves Engineers, Inc., and trust that the Parish or Evan-Graves Engineers, Inc. has confirmed the availability of the use of federal funds for this purpose. We must, however, caution you and the Parish that in the event the Parish receives State funding in the form of a capital outlay appropriation for the project which is the subject of the Contract, the Parish cannot use such state capital outlay funds to reimburse itself, or other agencies or entities, including Evans-Graves Engineers, Inc. for prior expenditures.
We trust the foregoing to be of assistance.
Yours very truly,
RICHARD P. IEYOUB
Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam
Date Released: April 1, 2003
Jeanne-Marie Zeringue Barham
Assistant Attorney General
[1] La. Const. Art. II, Sec. 15 pertinently provides that "Every bill shall be confined to one object. Every bill shall contain a brief title indicative of its object."
[2] For provisions of law pertinent to the non-appropriation of state funds for state contracts, see: LSA-R.S. 39:1514(A)(2) and 39:1615(C), as well as the rules and regulations of the Office of Contractual Review and the Office of State Purchasing.
[3] If our interpretation of the Contract in this regard is incorrect, we urge the Parish and Evans-Graves Engineers, Inc. to redraft the Contract, in a form that clearly and fully sets forth their actual intent. The form of the Contract utilized appears to be a `standard' form contract, with a number of terms and conditions that appear to be inapplicable to the parties' situation.